IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PAUL ALEXANDER BURNS,                §
                                     §
          Plaintiffs,                §
                                     §
                                     §          Civil Action No. H-07-3814
v.                                   §
                                     §
HONORABLE K. MICHAEL MAYES           §
                                     §
                                     §
          Defendants.                §

## MEMORANDUM AND ORDER

Defendant K. Michael Mayes, in his individual and official capacities ("Mayes"), has filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  For the reasons that follow, the Motion must be granted in part.  The Court wishes to stress, however, that its ruling is not to be understood as an endorsement of the judicial practices and policies at issue, nor any indication as to how another court should resolve an appeal or habeas petition arising from the underlying state case.

## I.    BACKGROUND

Plaintiff Paul Alexander Burns ("Burns") was arrested and plead guilty to the state felony offense of possession of cocaine. Mayes is the presiding judge of the 410th Judicial District Court in Montgomery County, Texas, who was assigned Burns's case. Burns has brought this suit against Mayes, Montgomery County, and certain "John Does."   Within this Memorandum and Order, the Court addresses only the Motion to Dismiss filed by Mayes.

Burns' allegations are largely directed to the circumstances under which Mayes ordered Burns to be arrested and detained during his probation for having had "dilute urine," which Burns describes as urine which has a creatinine level of less than twenty milligrams per deciliter. Burns contends that a low level of creatinine can result from any number of naturally occurring physical conditions, and most certainly does not indicate Burns had violated any term of his probation.

Burns asserts claims against Mayes for violations of procedural and substantive due process, the Fourth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1985, as well as state law claims including intentional infliction of emotional distress, assault and battery, false arrest, and violations of the Texas Constitution. Burns seeks money damages, declaratory relief, injunctive relief, punitive damages and attorney's fees.

## II.   STANDARDS FOR MOTION TO DISMISS

In considering Mayes's Motion to Dismiss, the court is well aware that such a motion should be granted "only if it appears certain that the plaintiff cannot prove any set of facts" that would entitle him to relief. *Home Builders' Assn. of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court is to accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

## III.   JUDICIAL IMMUNITY

State and federal judges have long been held to have immunity from damages for judicial acts. In *Mireles v. Waco*, 502 U.S. 9 (1991), for instance, a state judge was held to be immune from claims that he had authorized excessive force against an attorney appearing before him. In *Stump*

*v. Sparkman*, 435 U.S. 349 (1978), a state judge was held to be immune from claims arising from his order that a fifteen year old female be involuntarily sterilized.

The Fifth Circuit Court of Appeals has been at least as emphatic as the Supreme Court on the issue of judicial immunity, making clear that it protects judges from being sued at all. "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (dismissing 42 U.S.C. Sec. 1981 due process action against state judge although not against lawyers); *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir. 1972) ("We note in closing that the opening of any inroads weakening judicial immunity could have the gravest consequences to our system of justice. Every judicial act is done 'under color of law;' absent the doctrine every judicial error affecting a citizen's rights could thus ultimately subject the judge to section 1983 liability").

Judicial immunity can be overcome in two sets of circumstances: (1) a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Ballard v. Wall*, 413 F.3d at 515, quoting *Mireles v. Waco*, 502 U.S. at 11-12.

In determining whether a judge acted outside the scope of his judicial capacity, a trial court is to consider four factors:

(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1983) (citations omitted).

In this instance, Mayes' conduct clearly satisfies each of these four criteria. Supervising criminal defendants is certainly a normal judicial function. The acts complained of resulted in Burns's detention, which would not have involved an inappropriate "space." The controversy is definitely centered around a case pending in the judge's court, and the only contact between Burns and Mayes was clearly in Mayes's official capacity.

Because the actions of Mayes were plainly taken in his official capacity, the analysis shifts to the second circumstance in which judicial immunity can be overcome – when a judge's actions are taken in the complete absence of all jurisdiction. Although Burns's complaint suggests Mayes' actions were *ultra vires*, the supervision of a criminal defendant out on bond after a guilty plea is among the core functions of a judge with criminal jurisdiction. If such supervision were to be held beyond the jurisdiction of such a judge, it is not clear what his jurisdiction could possibly consist of.

In *McAlester*, the Court of Appeals correctly noted that judicial malfeasance is to be corrected on appeal. 469 F.2d at 1282. In this instance, Burns has sought neither to appeal nor to seek habeas relief. The case represents therefore a weak factual setting for the abridgement of judicial immunity.

## IV.     PLAINTIFF HAS NOT ALLEGED A COGNIZABLE § 1983 CLAIM OR ANY ENTITLEMENT TO AN INJUNCTION

The pertinent part of § 1983 provides: ". . . injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Burns's First Amended Complaint does not plead that a declaratory decree was violated or that declaratory relief was unavailable. Very much to the contrary, Burns claims that Mayes was acting pursuant to his own published and copyrighted policy. Burns's § 1983 action must, therefore, be dismissed.

More generally, Burns's entire claim for injunctive relief fails to include allegations that the Supreme Court has held indispensable.  In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), for example, the Court considered an individual's request to enjoin the Los Angeles Police Department from using chokeholds.  Plaintiff alleged that he had been the victim of such a chokehold while stopped for a traffic violation.  The Court noted, "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." 461 U.S. at 101.  The Court held that the fact that the plaintiff may have been choked in the past by the police "does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him . . .." 461 U.S. at 105. Because plaintiff had failed to satisfy the case or controversy requirement of Article III, the Supreme Court reversed the district court's decision, affirmed by the Court of Appeals, to grant an injunction.

The same reasoning is directly applicable here.  Although Burns believes he has been the victim of a past violation, he does not claim that he faces a real and immediate threat of a recurring violation.  There is no suggestion that Burns will be re-arrested or again detained because of further violations of his probation. From other parts of his First Amended Complaint and other submissions, it would appear that Burns can make such a claim. Until he has done so, however,  he has shown no case or controversy, and no entitlement to injunctive relief  The court will afford him an opportunity to re-plead.

**V.     BURNS HAS NOT ALLEGED A CONSPIRACY UNDER 42 U.S.C. § 1985(3) BASED ON RACE**

In *Deubert v. Gulf Federal Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987), the Court of Appeals held: "it is well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." Because Burns has alleged no racial bias, his § 1985(3) claim must be dismissed.

**VI.    STATE LAW CLAIMS WILL BE DEFERRED**

Burns's claims under §§ 1983 and 1985(3) are the only two federal questions presented in his First Amended Complaint. The Court will allows Burns to file another amended complaint to attempt to show that the federal claims presented should not be dismissed with prejudice pursuant to F.R.Civ.P. 12(b). Consideration of all state law claims will be deferred until the Court's consideration of the newly amended complaint. If the federal questions are still susceptible to dismissal under Rule 12(b), the Court will decline to exercise its pendent jurisdiction to consider state law claims.

**VII.   CONCLUSION**

Mayes' Motion to Dismiss is **GRANTED** as to the federal claims asserted by Burns. Burns shall have thirty days to amend his complaint. His Second Motion to Amend is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed this _____23rd_____ day of September 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE