## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **PAUL ALEXANDER BURNS** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **Civil Action No. H-07-3814** |
| **v.** | § | |
| | § | |
| | § | |
| | § | |
| **HONORABLE K. MICHAEL MAYES** | § | |
| **Defendants.** | | |

### MEMORANDUM AND ORDER

Defendant Montgomery County, Texas (the "County") has filed a Motion to Dismiss the First Amended Complaint of Plaintiff Paul Alexander Burns ("Burns"). For the reasons that follow, the Motion must be granted in part.

For background information in addition to that set forth in this Memorandum and Order, and for this Court's concerns as to the practices of which Burns complains, reference is made to the Memorandum and Order of today's date granting in part the Motion to Dismiss of Honorable K. Michael Mayes, presiding judge of the 410th Judicial District Court in Montgomery County ("Mayes").

## I.    BACKGROUND

Burns was arrested and plead guilty to the state felony offense of possession of cocaine in Mayes's court. He was placed on probation, subject to various conditions including periodic urinalysis. One of Burns's urine samples was said to reflect "dilute urine." This led to Burns's re-arrest and detention. Burns contends that he had used neither drugs nor alcohol and that, whatever was reflected in the urinalysis, was produced naturally by his body.

In addition to having sued Mayes, the presiding judge, Burns has also named as a defendant the County and certain "John Does." The County has filed a Motion to Dismiss. This Memorandum and Order addresses only the Motion by the County.

Burns asserts claims against the County pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985, as well as state law claims including intentional infliction of emotional distress, assault and battery, false arrest, open courts violations, and denial of bail.

## II.   STANDARDS FOR MOTION TO DISMISS

In considering the County's Motion to Dismiss, the Court is well aware that such a motion should be granted "only if it appears certain that the plaintiff cannot prove any set of facts" that would entitle him to relief. *Home Builders' Assn. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court is to accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

## III.   THE COUNTY IS NOT LIABLE PURSUANT TO 42 U.S.C. § 1983

The most common procedural vehicle for attacking allegedly unconstitutional policies of local governmental units is via 42 U.S.C. § 1983. The Court of Appeals has held that, "Municipal liability under 42 U.S.C. § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Burns's allegations, however, have to do with a program, referred to as "SAP," that Burns attributes to Mayes, acting in his judicial capacity. There is no allegation that 1) Mayes is the "policymaker," 2) that the program has been adopted by the County, or that 3) the alleged violations of Burns's constitutional rights were caused by any policy or custom of the County. Although Burns does allege that other individuals, such as

law enforcement and probation officers were involved, such court-related personnel are implicated in almost any action taken by a judge.

In Burns's First Amended Complaint, he goes to considerable lengths to allege  that Mayes's SAP program for dealing with defendants in a position analogous to Burns is unlike that of any other judge in the United States, that Mayes has copyrighted the program, and that Mayes has taken steps to publicize the program as his own.  All of these allegations cut sharply against the notion that Mayes's program has been adopted by anyone, anywhere, at anytime.

Relevant precedents under § 1983 do provide that, even where there is no adoption of an official policy, the existence of a policy may be shown by a custom that is "a persistent, widespread practice of City officials or employees . . . so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). For the same reasons that Mayes's SAP program is not an official policy, it is also not a custom that can be said to represent county policy.

The law is abundantly clear in holding that local judges do not act as local governmental policy-makers.  *Krueger v. Remier*, 66 F.3d 75, 77 (5th Cir. 1995); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Bigford v. Taylor*, 834 F.2d 1213, 1221-22 (5th Cir. 1988); *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir.) *cert. denied* 474 U.S. 1007 (1985).

Accordingly, Burns's § 1983 claim must be dismissed.

## IV.    BURNS HAS NOT ALLEGED A CONSPIRACY UNDER 42 U.S.C. 1985(3) BASED ON RACE

In *Deubert v. Gulf Federal Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987), the Court of Appeals held: "it is well established in this circuit that the only conspiracies actionable under

section 1985(3) are those motivated by racial animus." Because Burns has alleged no racial bias, his § 1985(3) claim must be dismissed.

## V.     STATE LAWS CLAIMS WILL BE DEFERRED

Burns's claims under §§ 1983 and 1985(3) are the only two federal questions presented in his First Amended Complaint.  The Court will allow Burns to file another amended complaint to attempt to show that the federal claims presented should not be dismissed with prejudice  pursuant to F.R.Civ.P. 12(b).   Consideration of all state law claims will be deferred until the Court's consideration of the newly amended complaint.   If the federal questions are still susceptible to dismissal under Rule 12(b), the Court will decline to exercise its pendent jurisdiction to consider state law claims.

## V.     CONCLUSION

The County's Motion to Dismiss is **GRANTED** to the extent of dismissal without prejudice of Burns's §§ 1983 and 1985(3) claims.  Consideration of state law claims is **DEFERRED**.  Burns shall have thirty days to amend his complaint.

**IT IS SO ORDERED**.

Signed this _23 rd_ day of September 2008.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE